# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

CHRISTOPHER JASON THOMPSON,

        Petitioner,      :      Case No. 2:24-cv-4224

  - vs -                          District Judge Algenon L. Marbley
                                     Magistrate Judge Michael R. Merz

WARDEN, North Central Correctional
  Institution,

                                 :
        Respondent.

## REPORT AND RECOMMENDATION

This habeas corpus case, brought *pro se* by Petitioner Christopher Jason Thompson, is before the Court upon Petitioner's Request for Recusal in which he seeks the disqualification of the presiding District Judge, Algenon L. Marbley (ECF No. 7).  While a decision on recusal must be made by Judge Marbley himself, a report on the relevant facts and law is within the scope of the Magistrate Judge reference in the case.

**Applicable Legal Standard**

Petitioner does not state a legal basis for recusal, but two statutes potentially apply, 28 U.S.C. § 144 and 28 U.S.C. § 455.  Two different standards apply to recusal under those two statutes.  Under 28 U.S.C. § 144 the party seeking disqualification must make an affidavit of personal bias or prejudice, accompanied by his counsel's certificate that the affidavit is made in good faith. When a party is proceeding *pro se*, no counsel's certificate is required. While the

1

affidavit is directed to the judicial officer sought to be disqualified, if it is timely and legally sufficient, recusal is mandatory; the truth of the facts set forth in the affidavit are not drawn in question, but only their legal sufficiency. 13A C. Wright, A. Miller, and E. Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS 2D, §§ 3541, et seq., particularly § 3550. Petitioner's Motion is not supported by any affidavit and thus does not qualify under 28 U.S.C. § 144.

Under 28 U.S.C. § 455, different procedure is applicable: no motion or affidavit is required, since the statute places a burden on a judge to disqualify himself or herself *sua sponte.* There is no timeliness requirement. *Roberts v. Bailar*, 625 F.2d 125, 128 (6th Cir. 1980). The court, moreover, need not accept as true the factual statements in the affidavit if one is filed. *Phillips v. Joint Legislative Committee on Performance and Expenditure Review of Mississippi*, 637 F.2d 1014, 1019, n.6 (5th Cir. 1981).

The standard applied in evaluating recusal motions is an objective one. "[W]hat matters is not the reality of bias or prejudice, but its appearance." *Liteky v. United States,* 510 U.S. 540, 548 (1994). A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held. *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990), *cert. denied* 499 U.S. 981 (1991); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

A disqualifying prejudice or bias must be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250

2

(6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell*, *supra; Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell*, *supra*; *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted). Justice Scalia has written for the Court:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. ... [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540, 554-55 (1994); *see also Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002)(quoting the deep-seated favoritism or antagonism standard). Since the decision in *Liteky, supra*, "federal courts have been uniform in holding that § 455(a) cannot be satisfied without proof of extrajudicial bias, except in the most egregious cases." Flamm, Judicial Disqualification 2d § 25.99, citing In re Antar, 71 F.3d 97 (3rd Cir. 1995), *overruled on other grounds Smith v. Berg*, 247 F.3d 532, 534 (3rd Cir. 2001).

> Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry. A reasonable observer is unconcerned with trivial risks, which are endemic. If they were enough to require disqualification we would have a system of

3

> preemptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons. ... There are not enough political eunuchs on the federal bench to resolve all cases with political implications; anyway it would be weird to assign all political cases to the naifs while concentrating antitrust and securities cases in the hands of political sophisticates. ... Tenure of office, coupled with the resolve that comes naturally to those with independent standing in the community have led a 'political' judiciary in the United States to be more assertive in securing legal rights against the political branches than is the politically neutral, civil service judiciary in continental Europe.

*In re Mason*, 916 F.2d 384, 385-87 (7th Cir. 1990)(Easterbrook, J.)

Petitioner's sole stated basis for requesting recusal is that Judge Marbley has withdrawn his request to take senior status and this withdrawal has, according to Fox News, left "GOP Senators fuming." This has left Petitioner, he says, feeling he "would not get a fair hearing to adjudicate Federal Constitutional issues."

This is a habeas corpus case in which the only substantive issues are based on the United States Constitution. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). The case was randomly assigned to Judge Marbley upon its filing from among the District Judges resident at the Columbus location of court. Three were nominated by Republican Presidents and two by Democratic presidents. Assignments to District Judges are random, utterly without regard to party affiliation. Petitioner points to no prior case involving constitutional issues which he believes Judge Marbley has not fairly adjudicated.

If the rule of law is to remain the lodestar of federal adjudication, disqualification of a judge because legislators of one party disapprove of his one action cannot become a basis for

4

disqualification. The Magistrate Judge therefore respectfully recommends the Request for Recusal be denied.

December 27, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #