## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

CHRISTOPHER JASON THOMPSON,

                    Petitioner,             :     Case No. 2:24-cv-4224

    - vs -                            District Judge Algenon L. Marbley
                                          Magistrate Judge Michael R. Merz

WARDEN, North Central Correctional
  Institution,

                                :
                   Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Christopher Jason Thompson, is before the Court for decision on the merits.  Relevant pleadings are the Petition (ECF No. 3), the State Court Record (ECF No. 13), Respondent's Return of Writ (ECF No. 14), and Petitioner's Traverse (ECF No. 16).  Petitioner, who is proceeding *pro se*, seeks relief from his conviction in the Madison County Court of Common Pleas for intimidation, operating a motor vehicle while under the influence of alcohol with a firearm specification, and having weapons under disability.

**Litigation History**

A Madison County grand jury indicted Thompson on  October 15, 2021, on one count of intimidation in violation of Ohio Revised Code § 2921.03(A) (Count I), one count of extortion  in violation of Ohio Revised Code § 2905.11(A)(2), (Count II); one count of making a terroristic

threat in violation of Ohio Revised Code § 2909.23(A), (Count III); two counts of aggravated menacing in violation of Ohio Revised Code § 2903.21(A), (Counts IV and V); two counts of operating a motor vehicle while under the influence of alcohol in violation of Ohio Revised Code § 4511.19 (A)(1)(a), (2) each with an operating under the influence and a firearm specification, (Counts VI and VII); three counts of having weapon while under disability Ohio Revised Code § 2923.13(A)(1), (2), (4) (Counts VIII, IX and X); and one count of improperly handling firearms in a motor vehicle in violation of Ohio Revised Code § 2923.16(B) (Count XI)(Indictment, State Court Record, ECF No. 13, Ex. 1).

Thompson pleaded not guilty by reason of insanity[1], but was found competent to be tried. On motion of the State, all but four counts of the Indictment were dismissed and a jury found Thompson guilty of the remaining counts (State Court Record, ECF No. 11, Ex. 15).  He was sentenced to an aggregate term of seven years in prison.  *Id.*

After several untimely notices of appeal. Thompson persuaded the Twelfth District Court of Appeals to allow him to file a delayed appeal in which he pleaded the following assignments of error:

> Assignment Error #1 trial court failed to prove that Appellant [sic] had some subjective understanding of the threatening nature of his statements.
>
> Assinment [sic] of Error #2 Trial court errored [sic] when sentence imposed wasn't supported by facts placed upon the record.
>
> Assignment of Error #2(A) Trial court failed to prove that Appellant [sic] was under the influence/impaired.
>
> Assignment of Error #3 Trial court abused its discretion during Sentencing.

---

[1] The NGRI plea was entered by his appointed attorney; Thompson denies consenting to the plea.

> Assignment of Error #4 Trial court abused its discretion when imposing consecutive sentences involving a firearm (3) "Allied Offenses"
>
> Assignment of Error #5 Trial court abused its discretion when its decision was not supported by the record
>
> Assignment of Error #6 Trial court failed to prove Appelant [sic] knew, he possed [sic] a firearm and that Appellant [sic] knew, he belonged to the relevant category of "person".

(Appellant's Brief, ECF No. 13, Ex. 28, PageID 262). The Twelfth District affirmed the conviction and sentence. *State v. Thompson*, 2024-Ohio-2112 (Ohio App. 12th Dist. June 3, 2024)(copy at ECF No. 13, Ex. 31). The Ohio Supreme Court declined jurisdiction over a further appeal. *State v. Thompson*, 175 Ohio St. 3d 1460 (2024)(copy at ECF No. 13, Ex. 35).

Thompson filed his Petition in this case on October 14, 2024, the date he deposited it in the prison mailing system (ECF No. 3, PageID 68). In it he pleaded six grounds for relief as follows:[2]

> **GROUND ONE**: Count 1: Intimidation R.C. §2921.03(A). Trial Court failed to prove that Petitioner had some sugjective [sic] understanding of the threatening nature of his statements and requests of the dispatchers of the Madison County Sheriff's Dept. (GROUND ONE/ASSIGNMENT OF ERROR 1 can be further illuminated on page 1, 1st assignment of error of PETITIONERS Declaratory statement).
>
> **GROUND TWO**: Count 6: O.V.I. R.C.§4511.19(A)(1)(a) with a firearm specification R.C.§2941.141(A).
>
> **Supporting Facts:** Trial Court failed to prove that Petitioner was under the influence and or impaired. There was no implied consent read, there was no 2255 form, there was no P.B.T. tests taken, there was no form of S.F.S.T's performed. There were no dash cam/body

---

[2] He labeled the last two "Assignments of Error," but as a *pro se* litigant he is entitled to a liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Given the placement of these "assignments of error" in the Petition, the Magistrate Judge construes them to be asserted grounds for habeas relief. Similarly in each of his Grounds for Relief he asserts the "trial court" did not prove some necessary fact. Trial courts have no burden of proving anything. Rather, it is the State of Ohio which has the burden of proving every essential element of a criminal offense. The Magistrate Judge construes each Ground for Relief to assert the State did not prove some necessary element of its case.

cam video footage captured. (GROUND 2/ASSIGNMENT OF ERROR #2 can be further illuminated on page 2 of Petitioners Declaratory statement.

**GROUND THREE:** Mr. Steven Fox, who was appointed as councel [sic] by the court, against Petitioners objections, did not have Petitioners concent [sic] to speak or enter pleas on Petitioners behalf or without knowledge. (Further deteiles [sic] can be illuminated in Petitioners Declaratory statement, as well as briefs filed with the Twelfth Appelate [sic] District Court of Appeals).

**GROUND FOUR**: ASSIGNMENT OF ERROR 4. Trial Court errored in sentencing Petitioner consecutively in all 3 charges.

**Supporting Facts**: Count 6: OVI firearm specification mandatory 1 year; Count 9: having weapons while under disability: Count 11: improperly handling firearms in a motor vehicle, all of which are Allied offenses of the same import. a firearm that was unknowingly on the floor of a cargo van. (details can be illuminated on pages 3-4 of Petitioners Declaratory statement attached).

**5TH ASSIGNMENT OF ERROR:** Trial court failed in proving that Appellant was/is a mental defective, as Judge Costello entered a plea of not guilty by reason of insanity. A plea offered by Attorney Steven Fox on 2, 7, 2022. Without Appellant's knowledge of or consent and against objection to Mr. Fox's appointed representation. (*Cruden v Neale* 2 N.C. 338 1796 2 S.E. May term; Hans v Louisiana, pg 14 lines 15-25 of Appellant's Brief forwarded to the Twelth [sic] District Court for review).

Mr. Fox did not have legal authority to speak on Appellant's behalf. In fact, Mr. Fox and Appellant had not even spoken regarding Appellant's case.

Appellant contends that he was treated as a mental defective (18U.S.C. ch.44).

Judge Costello treated Appellant as a ward of the State, and accepted Mr. Fox's plea of not guilty by reason of insanity and proceeded with court hearings as such.

**6th ASSIGNMENT OF ERROR**: Trial court failed to prove that Appellant knew he possessed a firearm and that Appellant knew he belonged to the relevant category of "person," barred from possessing a firearm.

4

> Scienter Requirement Model Penal Code § 2,94 at 27 (refer to pgs. 13-28 of Appellant's Brief forwarded to the Twelth [sic] District Court of Appeals for review.
>
> Appellant contends that he was unaware and did not have knowledge of the firearm being in the van on the floor, and it certainly was not in the center console, as stipulated by Mr.Gibson's false claim, written in his summary (Tp. Vol.11.pg.559 line 1-27), or better referred to as "A staged picture of gun on floor" (Tp.vol.1pg.418 line 14).
>
> Appellant, as indicated, did not accept, sign, or exchange any documents.
>
> Appellant was not aware that the State had a "staged" picture of gun on the floor of the van until 12/8/2021, when while sitting in the courtroom waiting for Judge Costello to enter the courtroom, Mr. Klamo was reviewing the discovery and was holding a picture of the Colt 1911. (I filed a Petition with the court on 8/29/2022 requesting for it to be released to an out of state cousin, John Thompson (Tp.vol.111 pg. 790 line 2-14). That Petition was un-answered and still remains a question.?

(Petition, ECF No. 3).

Respondent asserts Thompson has procedurally defaulted all of his claims because he did not fairly present them to the Ohio courts as federal constitutional claims (Return, ECF No. 14, PageID 900). Respondent also opposes each of Thompson's claims on the merits (Return, ECF No. 14, PageID 902-19).

In his Traverse, Petitioner asserts Respondent did not raise an affirmative defense to his claims (Traverse, ECF No. 16, PageID 924). That is incorrect. As noted above, Respondent asserts each of Petitioner's claims is barred by his procedural default in presenting the claim to the Ohio courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that

were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)).

Procedural default is an affirmative defense which may be waived by failing to assert it. *Getsy v. Mitchell,* 495 F.3d 295, 317 (6th Cir. 2007)(en banc), *citing Slagle v. Bagley*, 457 F.3d 501, 514 (6th Cir. 2006); *Gray v. Netherland*, 518 U.S. 152, 166 (1996).  Even if waived by the State, it may be raised *sua sponte* by the federal courts.  *Lovins v. Parker*, 712 F.3d 283 (6th Cir. 2013), *citing Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005).

Here Respondent has raised procedural default as an affirmative defense, but Petitioner refuses to recognize the Warden has done so.  Since he does not recognize that the defense has been raised, it is not surprising that Petitioner offers no excusing cause and prejudice.

# Analysis

## Ground One:  Insufficient Proof of Subjective Intent to Convey Threats

In his First Ground for Relied, Petitioner asserts the State failed to prove by sufficient evidence that he had the subjective intent to threaten the dispatchers of the Madison County Sheriff's Office.

Thompson was indicted for allegedly violating Ohio Revised Code § 2921.03(A).  The Indictment reads:

> On or about September 22, 2021, in Madison County, Ohio, the defendant, Christopher J. Thompson, did knowingly and by unlawful threat of harm to any person or property attempt to influence, intimidate, or hinder a public servant or party official, or

7

> witness in the discharge of the person's duty, in violation of
> §2921.03(A) of the Ohio Revised Code and against the peace and
> dignity of the State of Ohio.

(Indictment, State Court Record, ECF No. 13, Ex. 1, PageID 124).

In deciding this Ground for Relief, Petitioner refers the Court to the Declaratory Statement attached to his Petition which he accuses the Warden of not responding to (Traverse, ECF No. 16, PageID 924). The Declaratory Statement, said to be made under 28 U.S.C. § 1746, extends for two handwritten pages (PageID 70 to 71). There follow seventeen pages of typed argument (PageID 72-89) which apparently are copied from some document Petitioner sent the Ohio Supreme Court during his attempted appeal to that court.[3]

As noted above, the Ohio Supreme Court declined jurisdiction over Thompson's appeal. The last Ohio court to consider this case on the merits was the Twelfth District Court of Appeals. In deciding the case, this habeas court is limited to the record that was before the Twelfth District. *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson,* 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020). A declaration under penalty of perjury under 28 U.S.C. § 1746 is just such new evidence which we may not consider.

We may also not consider whether the Tenth District erred in considering questions of Ohio law before it. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law

---

[3] The fact of copying is shown by the Supreme Court's "received" stamp at PageID 78 and 87.

questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Petitioner's First Ground for Relief closely parallels his First Assignment of Error on appeal.  The Twelfth District decided that Assignment of Error as follows:

> {¶11} In his first assignment of error, Thompson argues that his conviction for intimidation was not supported by sufficient evidence or by the manifest weight of the evidence. Thompson asserts that the state failed to prove he subjectively understood his statements to the dispatchers to be threatening. Thompson further argues that his words were misinterpreted and he "wasn't trying to pester or make anyone upset." We disagree with Thompson's suggestion of what the evidence demonstrates.

> *Standard of Review*

> {¶12} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Intihar*, 12th Dist. Warren No. CA2015-05-046, 2015-Ohio-5507, ¶ 9. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. In other words, "the test for sufficiency requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34, citing *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 33. When evaluating the sufficiency of the evidence, this court must "defer to the trier of fact on questions of credibility and the weight assigned to the evidence." *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, ¶ 132.

> {¶13} [Opinion on manifest weight omitted because it would not be a federal constitutional claim.]

{¶14} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Nevertheless, although the two concepts are different, a finding that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19. Therefore, "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." *State v. Hart*, 12th Dist. Brown No. CA2011-03-008, 2012-Ohio-1896, ¶ 43.

### *Unlawful Threat of Harm*

{¶15} R.C. 2921.03(A) provides, "No person, knowingly and by force, [or] by unlawful threat of harm to any person or property * * * shall attempt to influence, intimidate, or hinder a public servant * * * in the discharge of the person's duty." R.C. 2901.22(B) instructs that "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist."

{¶16} Here, the recording of Thompson's calls to the sheriff's office, as well as the testimony of dispatchers Haskins and Henson, established that Thompson attempted to intimidate the dispatchers into abandoning their duties. Thompson told the dispatchers "You need to hang up your badges and walk the fuck out of your offices now," and "you're all complicit in crimes against humanity" that are "punishable by death." Thompson then gave an ultimatum that the sheriff needed to speak with him by six o'clock, and threatened "If not, I'm coming." As the Supreme Court of Ohio has noted, "[t]he most intimidating threat of all may be an indefinite one." *State v. Cress*, 112 Ohio St.3d 72, 2006-Ohio-6501, ¶ 37 (giving the example "You'll be sorry" as an indefinite threat). However, Thompson called the dispatcher again to provide greater detail to his threats, stating "I'll take it to the end and all the way until the last fucking shell is loaded in my gun," as well as "I'm taking the heads off of every fucking one of you," and "I'm coming for your asses." Thompson's multiple phone calls contained specific threats that were clearly intended to intimidate the dispatchers into abandoning their duties. *See State v. Eisele*, 9th Dist. Medina No. 13CA0044-M, 2014-Ohio-873, ¶ 21 (holding that defendant's conviction for intimidation was supported by the manifest weight of the evidence where defendant placed multiple calls to police dispatchers

> containing specific threats of harm). The jury did not clearly lose its way in weighing this evidence against Thompson's testimony that he "just wanted to talk to the sheriff."
>
> {¶17} Thompson's first assignment of error is overruled.

*State v. Thompson*, 2024-Ohio-2112, ¶¶ 11-17.

In arguing his case to the Twelfth District, Thompson asserted the State had to prove he subjectively intended to threaten the dispatchers. The Twelfth District, however, held that it was enough to prove that Thompson had used language that "contained specific threats that clearly intended to intimidate the dispatcher into abandoning their duties." This Court is bound by the Twelfth District's interpretation of the statute, to wit, that language which objectively conveys a serious specific threat violates the statute regardless of the speaker's subjective intent. How could it be otherwise? If a person says "I will kill you if you don't do x by sundown," and later claims he meant "I will bring you roses if you do x by sundown," how could the State ever prove what his subjective intent was unless he later admitted he intended the threat of death? The State has authority to punish spoken words that convey a threat of serious physical harm whatever may have been in the speaker's mind.[4]

In addition to interpreting the statute, the Twelfth District held the State had satisfied the statute by proving what Thompson had said by playing for the jury recordings of what Thompson said. An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In evaluating Thompson's First Assignment of Error, the Twelfth District applied the *Jackson*

---

[4] Unless of course the speaker is not guilty by reason of insanity, but Thompson disclaims any such condition.

standard as it has been incorporated into Ohio law in *State v. Jenks*, 61 Ohio St. 3d 259 (1991).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000) *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).

The Twelfth District's decision on Thompson's First Assignment of Error is an objectively reasonable application of *Jackson v. Virginia* and is therefore entitled to deference. Ground for Relief One should be dismissed with prejudice on the merits.


**Ground Two:  Insufficient Evidence of Driving While Impaired**


In his Second Ground for Relief Thompson asserts the State failed to prove by sufficient evidence that he was driving under the influence of alcohol.  He asserts that various forms of evidence customarily used to show a driver is impaired by alcohol were not presented.

This claim parallels Thompson's Second Assignment of Error before the Twelfth District, although the claim is not exactly the same:  in that court he asserted the conviction was not supported by sufficient evidence because the arresting officer did not conduct any field sobriety test.  Here he adds other forms of testing that were not employed or evidence that was not presented.

The Twelfth District decided the parallel claim as follows:

{¶19} In his second assignment of error, Thompson argues that his OVI conviction was against the manifest weight of the evidence because no field sobriety test was administered.

{¶20} "R.C. 4511.19(A)(1), prohibits the operation of a motor vehicle if the person is under the influence of alcohol or drugs of abuse. This subsection does not require the introduction of any results of chemical testing to meet the elements of the offense." *State v. Egbert*, 12th Dist. Butler No. CA2004-12-304, 2006-Ohio-744, ¶ 18. For prosecutions of R.C. 4511.19(A)(1)(a), "the amount of alcohol found as a result of the chemical testing of bodily substances is only of secondary interest. The defendant's ability to perceive, make judgments, coordinate movements, and safely operate a vehicle is at issue in the prosecution of a defendant under such section." (Citation omitted.) *Newark v. Lucas*, 40 Ohio St.3d 100, 104 (1988).

{¶21} Here, three deputies testified that Thompson smelled of an alcoholic beverage, had slurred speech, and was belligerent, glassy eyed, and unsteady on his feet. When Deputy Henry first attempted to speak with Thompson, he abruptly drove away and nearly hit Deputy Henry. When Deputy Henry later caught up to Thompson's van and asked if he had been drinking, Thompson expressed a belief that he was "allowed to drink alcohol and smoke marijuana in this bitch." Thompson clearly displayed visible signs of impairment. No field sobriety test was administered simply because Thompson refused. However, there was overwhelming evidence demonstrating Thompson was overly intoxicated and impaired when operating the van. The jury did not clearly lose its way in finding Thompson operated his van under the influence of drugs or alcohol.

{¶22} Thompson's second assignment of error is overruled.

*State v. Thompson*, *supra*, ¶¶ 19-22.

A decision that a verdict is not against the manifest weight of the evidence *a fortiori* determines that there is sufficient evidence. *Nash v. Eberlin,* 258 Fed. Appx. 761, 2007 U.S. App. LEXIS 29645 (6th Cir. Dec. 14, 2007); *Ross v. Miller*, No. 1:10-cv-1185, 2011 U.S. Dist. LEXIS 65082 (N.D. Ohio May 10, 2011)(White, M.J.); *Hughes v. Warden,* No. 1:10-cv-091, 2011 U.S. Dist. LEXIS 54131 (S.D. Ohio Apr. 27, 2011)(Merz, M.J.).

The Twelfth District's decision here is not an unreasonable application of *Jackson v.*

*Virginia.* There is no constitutional requirement that impairment by alcohol be proved by any chemical or field sobriety test or that it be video recorded. The testimony of multiple experienced law enforcement officers that Thompson displayed indicia of alcohol impairment is sufficient. Thompson's Second Ground for Relief should be dismissed with prejudice on the merits.

**Ground Three: Actions by Attorney Not Consented to by Petitioner**

In his Third Ground for Relief, Petitioner complains that Attorney Steven Fox, who he says was appointed to represent him over his objection, spoke and/or entered pleas without Petitioner's consent or knowledge.

A criminal defendant who is indigent and charged with a felony is entitled to appointed counsel at the State's expense. *Gideon v. Wainwright*, 372 U.S. 335 (1963). However, a defendant is also constitutionally entitled to proceed without an attorney if he is competent to defend himself. *Faretta v. California,* 422 U.S. 806, 835 (1975). Whether counsel is appointed or retained, the Sixth Amendment entitles a defendant to the effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668 (1984).

It is impossible to tell from the Petition which of these rights Thompson believes was violated by the Ohio courts. However, it is clear that any claim related to counsel has been procedurally defaulted because no claim related to counsel was raised on direct appeal and Thompson has offered no excusing cause and prejudice.

Ground Three should be dismissed as procedurally defaulted.

**Ground Four: Error in Imposing Consecutive Sentences.**

In his Fourth Ground for Relief, Thompson asserts the trial court erred in imposing sentences to run consecutively.

Thompson's parallel claim on direct appeal was that all four of his convictions were for allied offenses of similar import and should have been merged under Ohio Revised Code § 2941.25. If that claim were meritorious, those four convictions would have been required to be merged before sentencing under Ohio law.

The Twelfth District rejected Thompson's parallel claim as follows:

> {¶32} In his fourth assignment of error, Thompson argues that each of his four offenses were allied offenses, and the trial court could not impose consecutive prison terms. We disagree.
>
> {¶33} R.C. 2941.25 prohibits the imposition of multiple punishments for the same criminal conduct, and provides that:
>
>> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>>
>> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
>
> As the Supreme Court of Ohio explained, "If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus

or motivation." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 25.

{¶34} Here, Thompson's intimidation offense occurred separately from his other offenses, with the separate harm of threatening the dispatchers in the sheriff's office, and therefore does not merge. Thompson's improper handling and weapons under disability offenses merged, and the State elected to sentence Thompson for weapons under disability only. Thompson's OVI offense had the separate harm of Thompson operating a vehicle while under the influence of alcohol. Although Thompson had a weapon specification attached to his OVI offense, it does not transform the OVI offense into an allied offense with his improper handling and weapons under disability offenses. Further, it is well established that firearm specifications are penalty enhancements, not offenses, therefore firearms specifications are not subject to merger with other offenses merely because they each involve the use of the same firearm. *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, ¶ 19. Therefore, neither the OVI offense nor its attached firearm specification merge with the weapons under disability offense.

{¶35} Thompson's fourth assignment of error is overruled.

*State v. Thompson, supra*, ¶¶ 32-35.

The question of whether convictions are for allied offenses of similar import is a question of Ohio law only, not federal constitutional law. This Court cannot alter or reverse the Twelfth District's conclusion on that question of Ohio law.

The question of whether consecutive sentences are proper in a given case is also one of state law alone. Imposition of consecutive sentences for multiple offenses, based on facts found by the court rather than the jury, does not violate constitutional right to jury trial, since the jury historically played no role in determining consecutive or concurrent sentences and state had sovereign authority to administer its penal system. *Oregon v. Ice*, 555 U.S. 160 (2009).

Thompson's Fourth Ground for Relief states claims only under Ohio law, not federal constitutional law. Ground Four should therefore be dismissed with prejudice for failure to state a claim on which habeas corpus relief can be granted.

16

**Ground Five:  Failure to Prove Thompson is a "Mental Defective"**

In his Fifth Ground for Relief, Thompson complains that the trial judge found him to be "a mental defective" on the basis of a plea of not guilty by reason of insanity entered by Attorney Fox without Thompson's consent.

Petitioner's parallel claim on appeal was his Fifth Assignment of Error which the Twelfth District decided as follows:

> {¶37} In his fifth assignment of error, Thompson argues that he was improperly found competent to stand trial. We disagree.
>
> {¶38} Due process and fundamental fairness demand that a criminal defendant who is not competent to stand trial not be tried and convicted of an offense. *State v. Murphy*, 173 Ohio App.3d 221, 227, 2007-Ohio-4535, ¶ 28 (12th Dist.), citing *State v. Braden*, 98 Ohio St.3d 354, 2003-Ohio-1325, ¶114. However, a criminal defendant is presumed to be competent to stand trial, R.C. 2945.37(G), and therefore a defendant who claims he is not competent has the burden of proving that fact by a preponderance of the evidence. *State v. Stanley*, 121 Ohio App.3d 673, 685 (1st Dist. 1997), citing *State v. Williams*, 23 Ohio St.3d 16, 19 (1986); *see also*, *Medina v. California*, 505 U.S. 437 (1992) (a state does not violate due process by presuming a defendant is competent to stand trial and placing the burden on him to prove his incompetence by a preponderance of evidence). If, after holding a competency hearing, the trial court finds by a preponderance of the evidence that, because of the defendant's present mental condition, he is incapable of understanding the nature and objective of the proceedings against him or of assisting in his own defense, the court must find the defendant incompetent to stand trial. R.C. 2945.37(G).
>
> {¶39} An appellate court will not disturb a competency determination if there was some reliable, credible evidence supporting the trial court's conclusion that the defendant understood the nature and objective of the proceedings against him. *State v. Bullocks*, 12th Dist. Warren No. CA2010-01-008, 2010-Ohio-2705, ¶ 7, citing *Williams* at 19. The adequacy of the data relied upon by the expert who examined the defendant is a question for the trier of

fact. *Bullocks* at ¶ 7, citing *State v. Neely*, 12th Dist. Madison No. CA2002-02-002, 2002-Ohio-7146, ¶ 10. "A defendant's failure to cooperate with [a psychological examination] does not constitute sufficient indicia of incompetence to raise doubt about a defendant's competence to stand trial." *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, ¶ 46.

{¶40} Here, Thompson's attorney filed a motion to have Thompson evaluated for competency and the trial court granted the motion. However, Thompson refused to cooperate in the evaluation, and the resulting report was of limited value. On July 15, 2022, the trial court held a competency hearing and heard additional arguments from the parties. The report was stipulated into evidence. At the close of the evidentiary hearing, the trial court found that although Thompson subscribed to the highly unorthodox and illogical "sovereign citizen" legal theory, he was lucid and understood the issues being raised by the court, even if he had no faith in the validity of the proceedings. As the trial court recognized, and as the psychological examiner pointed out, Thompson is not alone in his "sovereign citizen" beliefs, and his conduct in the legal proceedings has been driven by ideology rather than mental defect. The trial court determined Thompson was capable of understanding the nature and objective of the proceedings against him and assisting in his own defense. Therefore, the trial court properly found that Thompson was competent to stand trial.

{¶41} Thompson's fifth assignment of error is overruled.

*State v. Thompson*, supra, ¶¶ 37-41.

Thompson's Fifth Ground is confusing.  As he pleads the claim in this Court, he seems to be complaining that the trial judge found him to be mentally defective.  However, there is no such finding.  The referral for evaluation as to competency to stand trial did not result in any such finding.

In the Twelfth District Petitioner seemed to be arguing that he was incompetent to stand trial and the trial court erred in finding him competent.  While it would be unconstitutional to try a person found not to be competent to stand trial, it is not unconstitutional to presume that persons are competent and to proceed on that basis unless they prove they are not.  Here Petitioner was

referred for a competency evaluation but refused to participate. As the Twelfth District concluded, it is "highly unorthodox" to attempt to proceed under the sovereign citizen theory, but it does not show that a person is incompetent to stand trial. The Twelfth District's conclusion that Thompson was competent is not an unreasonable determination of the facts based on the evidence placed before the Ohio courts. That conclusion is therefore entitled to deference under 28 U.S.C. § 2254(d)(2).

Ground Five should therefore be dismissed with prejudice.

**Ground Six: Insufficient Proof that Petitioner Knew He Possessed a Firearm or Belonged to a Class of Persons Who Were Prohibited from Possessing a Firearm.**

In his Sixth Ground for Relief Thompson asserts the State failed to prove that he knew he possessed a firearm at the time of his arrest or knew that he belonged to a class of persons prohibited from possessing a firearm at that time.

Thompsons raised these claims as his Sixth Assignment of Error on direct appeal and the Twelfth District decided it as follows:

> {¶43} In his sixth assignment of error, Thompson argues that the state failed to prove he possessed a firearm for purposes of his weapons under disability conviction. Thompson also argues that he is not a "person" subject to the statute. We disagree.
>
> *Possession of the Firearm*
>
> {¶44} To "have" a firearm within the meaning of R.C. 2923.13(A), "a person must have actual or constructive possession of the firearm." *State v. Brown*, 12th Dist. Butler No. CA2013-03-043, 2014-Ohio-1317, ¶ 16, citing *State v. Leide*, 12th Dist. Butler No. CA2005-08-363, 2006-Ohio-2716, ¶ 29. Ownership of the weapon, however, "need not be proven to establish constructive possession." *State v. Brooks*, 9th Dist. Summit No. 23236, 2007-Ohio-506, ¶ 23.

Rather, "[a]n accused has 'constructive possession' of an item when the accused is conscious of the item's presence and is able to exercise dominion and control over it, even if the item is not within the accused's immediate physical possession." *State v. Jester*, 12th Dist. Butler No. CA2010-10-264, 2012-Ohio-544, ¶ 25. "Dominion and control can be proven by circumstantial evidence alone." *State v. Brown*, 12th Dist. Butler No. CA2006-10-247, 2007-Ohio-7070, ¶ 43.

{¶45} Here, immediately after Thompson was apprehended from his van, Sergeant Gibson found a loaded Colt 1911 handgun sitting in the open on the center console. When Thompson was driving his van, he had dominion and control of the handgun. Although it was not necessary for the state to prove actual ownership, during the pendency of the case Thompson personally filed a letter with the court (which was read into the record at trial) requesting the return of his property that was seized from the van. In the letter, Thompson specifically requested that his "Colt Mark IV Government Model 1911 automatic pistol" be returned—the exact model that was seized. The evidence clearly demonstrated that Thompson had possession of the firearm.

*Sovereign Citizen Arguments*

{¶46} In his brief, Thompson goes on to argue that he is "an American State National, an alien, nonresident of D.C." and not a "person" and therefore is not subject to the laws or courts of Ohio. These "sovereign citizen" legal theories have no basis in law and such arguments have been "soundly rejected by every court that has been given the opportunity to do so." *See, e.g.*, *State v. Miller*, 12th Dist. Clermont No. CA2018-04-019, 2018-Ohio-4258, ¶ 28. "Our whole system of law is predicated on the general, fundamental principle of equality of application of the law. 'All men are equal before the law,' 'This is a government of laws and not of men,' 'No man is above the law,' are all maxims showing the spirit in which legislatures, executives and courts are expected to make, execute and apply laws." *Truax v. Corrigan*, 257 U.S. 312, 332 (1921). We take this present opportunity to reject Thompson's "sovereign citizen" arguments as meritless.

{¶47} Thompson's sixth assignment of error is overruled.

*State v. Thompson*, *supra*, ¶¶ 43-47.

With respect to the first part of this claim – that the State was required to prove Thompson

20

knew he possessed the 1911 Colt – at the time of his arrest, the Twelfth District held that could be proved by showing actual or constructive possession; proof of ownership was not necessary under Ohio law. It found as a matter of fact that the gun was where Thompson as driver of the van would have seen it and it was within his reach from that position. The Twelfth District's finding of fact is entitled to deference under 28 U.S.C. § 2254(d)(2) unless Thompson proves it is an unreasonable conclusion based on the evidence presented. He has not done so.

Petitioner does not repeat in his Petition here the "sovereign citizen" claims he made in the Twelfth District.

Because the Twelfth District's decision on the Sixth Ground for Relief is entitled to deference, Petitioner's Sixth Ground for Relief is without merit and should be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge concludes the claims made in the Petition are without merit or procedurally defaulted without excusing cause. The Magistrate Judge therefore respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 9, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.