IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

CHRISTOPHER JASON THOMPSON,

        Petitioner,      :     Case No. 2:24-cv-4224

- vs -     District Judge Algenon L. Marbley
    Magistrate Judge Michael R. Merz

WARDEN, North Central Correctional
  Institution,

                                      :
        Respondent.

# ORDER

This habeas corpus case, brought *pro se* by Petitioner Christopher Jason Thompson, is before the Court on Thompson's uncaptioned motion for miscellaneous relief (ECF No. 19).

On April 9, 2025, the undersigned filed a Report and Recommendations ("R&R") with a dispositive recommendation (ECF No. 18). The docket reflects that the deputy clerk who is assigned as the Magistrate Judge's Courtroom Deputy Clerk mailed one copy of the R&R to Thompson on the same day it was filed. Thompson reports receiving two copies of the R&R, but does not attach any proof of when they were mailed such as a postmarked envelope.

Thompson asserts he was given fourteen days to object. He claims to be in a quandary about when that time runs out. The Notice at the end of the R&R plainly provides that (1) any party has fourteen days to object (2) an additional three days is added because it is being served by mail, and (3) service is complete upon mailing, not when the R&R is received. *Id.* at PageID 960. Thus the seventeen days runs from April 9, 2025, and expires on April 26, 2025. Because

1

that date is a Saturday, the time runs until the end of Monday, April 28, 2025, according to Fed.R.Civ.P. 6(a)(1)(C).

Thompson also claims the State Court Record is incomplete. He asserts that the "Brief of Appellant Christopher Jason Thompson" is not included. The State Court Record as filed by Respondent contains at Ex. 28 a document labeled "Brief of Appellant Christopher Jason Thompson" which shows by file stamp that it was filed with the Clerk of the Madison County Court of Appeals on October 1, 2023. See PageID 260. That exhibit extends from PageID 260 to PageID 372 which is consistent with Thompson's claim at PageID 962 that the supposedly missing document was 101 pages long. Thus the referenced Brief is not missing from the State Court Record.

When the Warden filed the Return of Writ, it contained a Certificate of Service showing that the Return and the State Court Record had been mailed to Petitioner. PageID 920. Thompson claims that the State Court Record as he received it ended with Ex. 24 and was only fifty-eight pages long. As filed with the Court, the State Court Record runs from PageID 5 to PageID 103, almost double the length Thompson claims he received.

Thompson has not proved to the Court's satisfaction that the Warden's counsel's Certificate of Service is untrue and the Court accordingly declines to order Respondent to re-serve the State Court Record. All that Thompson has presented is his own unsworn word of what he has received and that does not square with the record as filed. The purpose of obtaining the State Court Record is so that the Court will have a complete record of what happened in the state courts or at least as full a record as is needed to decide the case. Thompson appears to retain at least a copy of his Brief on Appeal, so he has no need of an additional copy of that document to prepare his objections.

3

Petitioner's time to object to the Report is hereby extended to and including May 9, 2025. No further extensions will be granted.

April 28, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge