# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

CHRISTOPHER JASON THOMPSON,

        Petitioner,      :    Case No. 2:24-cv-4224

  - vs -                          District Judge Algenon L. Marbley
                                    Magistrate Judge Michael R. Merz

WARDEN, North Central Correctional
  Institution,

                                   :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Christopher Jason Thompson, is before the Court on Petitioner's Objections (ECF No. 21) to the Magistrate Judge's Report and Recommendations, recommending dismissal of the Petition (ECF No. 18). District Judge Marbley has recommitted the case for consideration of the Objections. (Order, ECF No. 24).

Viewing Petitioner's Objections as a whole, it appears he considers the opportunity to file objections as an occasion to reargue the case. On the contrary, objections are required to be addressed specifically to errors allegedly made in any report which is objected to.

Petitioner's first objection is that "the evidence which the State relys [sic] on is at best inconclusive and insufficient." (Objections, ECF No. 21, PageID 974). Having elaborated on the legal maxim "*falsus in uno, falsus in omnibus,*" he notes parts of the trial testimony which contradict other parts. He then asserts: "All Petitioner is asking of this Court is a *de novo* review of the facts of the record presented to the State courts by Petitioner." *Id.* at PageID 975.

1

Immediately after asking for *de novo* review, Petitioner cites the authority which prevents us from reviewing the evidence *de novo*, *Brown v. Konteh*, 567 F.3d 191 (6th Cir. 2009), in which the Sixth Circuit held:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Id.* at 205.  Whatever conflicts there were in the testimony of the State's witnesses, the jury was able to hear and decide which witnesses to believe.  The Ohio Court of Appeals found that jury's verdict was not based on insufficient evidence and we are bound to defer, under the authority cited by Petitioner, unless that finding was an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(2).  Petitioner has not shown it was unreasonable.

Petitioner repeatedly refers to statements of fact made by him in a Declaratory Statement attached to his Petition (ECF No. 3, PageID 70-88).  Part of this document is a legal argument, but Petitioner obviously intended for it to be as well as statement of facts.  It begins by reciting language from 28 U.S.C. § 1746 which essentially permits a declaration under penalty of perjury

in lieu of a sworn affidavit when any evidence is permitted to be submitted in writing.[1]  In habeas corpus federal courts are precluded from considering evidence, written or oral, outside the evidence considered by the state courts.  *Cullen v. Pinholster,* 563 U.S. 170 (2011).  The Court therefore may not consider Petitioner's Declaration.

On the insufficiency of the evidence issue, Thompson cites the dissenting opinion of Judge Boyce Martin in *White v. Steele*, 602 F. 3d 707 (6th Cir. 2009).  Of course, the binding precedent in that case is the majority opinion which recites the law on which the Report relies and specifically cites *Brown v. Konteh* as on point.

Thompson next objects to the conclusion that any of his grounds for relief are procedurally defaulted for failure to present them to the state courts as constitutional claims (Objections, ECF No. 21, PageID 979).  In the Report the undersigned wrote: "Here Respondent has raised procedural default as an affirmative defense, but Petitioner refuses to recognize the Warden has done so. Since he does not recognize that the defense has been raised, it is not surprising that Petitioner offers no excusing cause and prejudice." (ECF No. 18, PageID 945).

The Report recommends denying Grounds One, Two, Four, Five, and Six on the merits; only Ground Three was found to be procedurally defaulted and that because the claim was not raised on direct appeal (Report, ECF No. 18, PageID 952).  Thompson disputes that finding. Having reviewed Thompson's Brief on appeal and Reply Brief (State Court Record, ECF No. 13, Exs. 28 & 30), the Magistrate Judge finds no parallel assignment of error claiming his attorney entered pleas without his consent.  Petitioner references documents sent to the Common Pleas Court in June 2002 (Objections, ECF No. 21, PageID 979-80), but the procedural default defense is based on Petitioner's failure to pursue any such claim on direct appeal.

---

[1] With respect to this Declaration, Petitioner purports to be "suj juris, jus soli." *Id.* at PageID 70.  Thompson does not define these terms and the Magistrate Judge does not understand what legal significance, if any he attributes to them.

Petitioner asks the Court to review Sixth Circuit Case 24-3747, but nothing filed in that case has been made of record before this Court and the Report was therefore not based on this appellate case. The Sixth Circuit dismissed that case because Thompson had attempted to incorporate by reference arguments made in the District Court. *Thompson v. Springhetti,* 2024 WL 4458134 (6th Cir. Jul. 26, 2024)(unpublished).

Petitioner concludes his Objections by "implor[ing] the Court to collect all documents he has filed before rendering its decision." (Objections, ECF No. 21, PageID 982). As noted above, this Court is limited to considering the record before the state courts on the conviction. *Pinholster, supra.* Thus we are in much the same position as the Sixth Circuit was in Case No. 24-3747: unable to consider what Petitioner has not put before us.

Petitioner signs his Objections "All rights reserved without prejudice." Presumably this is some symbol of his adherence to the sovereign citizens movement. It has no legal effect under federal law.

**Conclusion**

Having reviewed Petitioner's Objections, the Magistrate Judge adheres to his original recommendation that the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 21, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

4

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #