# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

CHRISTOPHER JASON THOMPSON,

        Petitioner,    :    Case No. 2:24-cv-4224

- vs -        District Judge Algenon L. Marbley
        Magistrate Judge Michael R. Merz

WARDEN, North Central Correctional
  Institution,

        :
        Respondent.

## DECISION AND ORDER DENYING PETITIONER'S MOTION FOR FURTHER BRIEFING

This habeas corpus case, brought *pro se* by Petitioner Christopher Jason Thompson, is before the Court on Thompson's Motion (ECF No. 30) for the Court to accept, file, and consider his Response (the "Response," ECF No. 28) to Respondent's Reply (ECF No. 27) to Petitioner's Objections (ECF No. 26) to the pending Supplemental Report and Recommendations (ECF No. 25).

When Petitioner filed his Response with the Clerk, the Magistrate Judge struck it because it is not a filing authorized either by the Rules of Civil Procedure or by court action in this case (ECF No. 29). In his present filing, Petitioner asks that the Court reconsider its order striking the Response because "the facts mentioned in Doc. 27 are clarrifying [sic] factors that could aid in deciding this case." (ECF No. 30, PageID 1032).

Prejudgment orders such as the one striking Petitioner's Response remain interlocutory and

1

can be reconsidered at any time. Moore's Federal Practice at ¶0.404. Federal Rule of Civil Procedure 54(b) provides in relevant part that "any order or other decision ... that adjudicates fewer than all the claims ... may be revised at any time before the entry of a judgment adjudicating all the claims...." Thus, "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)).

While district courts have power to reconsider interlocutory orders, they are reluctant to do so unless the movant shows legal error in the prior order or that it ignored a party's rights. In this case, Petitioner does not make any argument that the order striking the Response ignored any applicable law. Fed.R.Civ.P. 72 provides for any party to file objections to a Magistrate Judge's decision or recommendation and for the opposing party to reply to the objections, which has already happened here. The Rules do not provide for any further briefing on a Magistrate Judge decision or recommendation; striking the Response did not violate any rule of law.

Petitioner's Response consists of many accusations that trial testimony was unreliable or perjured. He also continues to insist that the record is not complete. Petitioner has had ample opportunity to argue his case both before and after the Report and Supplemental Report. A habeas corpus court is limited to considering the record that was before the state courts when they decided the case. *Cullen v. Pinholster,* 563 U.S. 170 (2011). So far as the Magistrate Judge is aware, the State Court Record as filed (ECF No. 13) is complete.

Petitioner's Motion is therefore denied.

August 4, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge