IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

**CHRISTOPHER JASON THOMPSON,** :
:
    Petitioner, : Case No. 2:24-cv-4224
:
- vs - : District Judge Algenon L. Marbley
:
: Magistrate Judge Michael R. Merz
**WARDEN, NORTH CENTRAL** :
    **CORRECTIONAL INSTITUTION,** :
:
    Respondent. :

## OPINION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Christopher Jason Thompson, is before the Court on Petitioner's Objections (ECF No. 26) to the Magistrate Judge's Supplemental Report and Recommendations, reiterating the recommendation for dismissal he made in his original R&R (ECF No. 18). Respondent has replied to the current set of Objections.

A litigant who objects to a magistrate judge's recommendations on a dispositive matter is entitled to de novo review of the objections by the referring District Judge. Fed.R.Civ.P. 72(b). Having conducted that review, this Court overrules Petitioner's Objections and adopts the Magistrate Judge's recommendations for the following reasons.

Petitioner, who is proceeding *pro se*, seeks relief under 28 U.S.C. § 2254 from his conviction at a jury trial in the Madison County Court of Common Pleas of intimidation, operating a motor vehicle while under the influence of alcohol with a firearm specification, and having weapons under disability.

In his Petition, Thompson pleaded six grounds for relief as follows:

> **Ground One**: Count 1: Intimidation R.C. §2921.03(A). Trial Court failed to prove that Petitioner had some sugjective [sic]

understanding of the threatening nature of his statements and requests of the dispatchers of the Madison County Sheriff's Dept. (GROUND ONE/ASSIGNMENT OF ERROR 1 can be further illuminated on page 1, 1st assignment of error of PETITIONERS Declaratory statement).

**Ground Two**: Count 6: O.V.I. R.C.§4511.19(A)(1)(a) with a firearm specification R.C.§2941.141(A).

**Supporting Facts:** Trial Court failed to prove that Petitioner was under the influence and or impaired. There was no implied consent read, there was no 2255 form, there was no P.B.T. tests taken, there was no form of S.F.S.T's performed. There were no dash cam/body cam video footage captured. (GROUND 2/ASSIGNMENT OF ERROR #2 can be further illuminated on page 2 of Petitioners Declaratory statement.

**Ground Three**: Mr. Steven Fox, who was appointed as councel [sic] by the court, against Petitioners objections, did not have Petitioners concent [sic] to speak or enter pleas on Petitioners behalf or without knowledge. (Further detailes [sic] can be illuminated in Petitioners Declaratory statement, as well as briefs filed with the Twelfth Appelate [sic] District Court of Appeals).

**Ground Four**: ASSIGNMENT OF ERROR 4. Trial Court errored in sentencing Petitioner consecutively in all 3 charges.

**Supporting Facts:** Count 6: OVI firearm specification mandatory 1 year; Count 9: having weapons while under disability: Count 11: improperly handling firearms in a motor vehicle, all of which are Allied offenses of the same import. a firearm that was unknowingly on the floor of a cargo van. (details can be illuminated on pages 3-4 of Petitioners Declaratory statement attached).

**5TH ASSIGNMENT OF ERROR:** Trial court failed in proving that Appellant was/is a mental defective, as Judge Costello entered a plea of not guilty by reason of insanity. A plea offered by Attorney Steven Fox on 2, 7, 2022. Without Appellant's knowledge of or consent and against objection to Mr. Fox's appointed representation. (Cruden v Neale 2 N.C. 338 1796 2 S.E. May term; *Hans v Louisiana*, pg 14 lines 15-25 of Appellant's Brief forwarded to the Twelth [sic] District Court for review).

Mr. Fox did not have legal authority to speak on Appellant's behalf. In fact, Mr. Fox and Appellant had not even spoken regarding Appellant's case.

> Appellant contends that he was treated as a mental defective (18U.S.C. ch.44).
> Judge Costello treated Appellant as a ward of the State, and accepted Mr. Fox's plea of not guilty by reason of insanity and proceeded with court hearings as such.
>
> **6th ASSIGNMENT OF ERROR**: Trial court failed to prove that Appellant knew he possessed a firearm and that Appellant knew he belonged to the relevant category of "person," barred from possessing a firearm.
>
> Scienter Requirement Model Penal Code § 2,94 at 27 (refer to pgs. 13-28 of Appellant's Brief forwarded to the Twelth [sic] District Court of Appeals for review.
> Appellant contends that he was unaware and did not have knowledge of the firearm being in the van on the floor, and it certainly was not in the center console, as stipulated by Mr.Gibson's false claim, written in his summary (Tp. Vol.11.pg.559 line 1-27), or better referred to as "A staged picture of gun on floor" (Tp.vol.1pg.418 line 14).
>
> Appellant, as indicated, did not accept, sign, or exchange any documents.
>
> Appellant was not aware that the State had a "staged" picture of gun on the floor of the van until 12/8/2021, when while sitting in the courtroom waiting for Judge Costello to enter the courtroom, Mr. Klamo was reviewing the discovery and was holding a picture of the Colt 1911. (I filed a Petition with the court on 8/29/2022 requesting for it to be released to an out of state cousin, John Thompson (Tp.vol.111 pg. 790 line 2-14). That Petition was un-answered and still remains a question?

(Petition, ECF No. 3).

Respondent asserted each of these Grounds for Relief was procedurally defaulted by Thompson's failure to present them as federal claims to the Ohio courts. Thompson made no response to this affirmative defense in his Traverse (ECF No. 16).

The Magistrate Judge concluded Ground One should be dismissed on the merits because the Ohio Twelfth District Court of Appeals decision on the sufficiency of the evidence was an objectively reasonable application of the relevant Supreme Court precedent, *Jackson v. Virginia*,

443 U.S. 307 (1979). The Magistrate Judge reached the same conclusion as to the Second Ground for Relief.

Ground Three is a claim of ineffective assistance of trial counsel which the Magistrate Judge found was procedurally defaulted because it had never been presented to any of the Ohio courts on appeal. Ground Four claimed error in imposing consecutive sentences. To the extent this raised a claim of allied offense of similar import, the Magistrate Judge concluded and the Court agrees that this is a question of Ohio law only. The Supreme Court has held, as the Magistrate Judge found, that imposing consecutive sentences does not violate the Constitution (Report, ECF No. 18, PageID 954, citing *Oregon v. Ice*, 555 U.S. 160 (2009)).

The Twelfth District found Thompson, over his objection, mentally competent to be tried. The Magistrate Judge found this was a question of fact entitled to deference under 28 U.S.C. § 2254(d)(2), and the Court agrees.

Finally in his Sixth Ground for Relief, Thompson asserted the State had provided insufficient proof of his possession of a firearm or that he belonged to a class of persons prohibited from possessing a firearm. On direct appeal he had combined the first part of this claim with a sovereign citizen theory. The Twelfth District rejected the first part of the claim on the merits and Thompson did not repeat his sovereign citizen claim in his Petition. The Magistrate Judge found the competency question was an issue of fact and the Twelfth District's conclusion was entitled to deference under 28 U.S.C. § 2254(d)(2).

After Petitioner objected to the Magistrate Judge's original Report, the Magistrate Judge was directed to reconsider the case in light of those Objections. In doing so, he noted that this Court could not conduct a de novo review of the facts as requested under relevant Supreme Court authority. Petitioner referred to a Declaratory Statement he made in connection with the Petition,

4

but the Magistrate Judge correctly held this Court is limited to the factual record before the state courts by *Cullen v. Pinholster,* 563 U.S. 170 (2011).

Although the State had asserted all of Petitioner's claims were barred by procedural default, the Magistrate Judge noted in his Supplemental Report that he had recommended that conclusion only as to Ground Three because there was no assignment of error on direct appeal claiming the trial attorney had entered a plea without Thompson's consent (ECF No. 25, PageID 994).

After the Magistrate Judge filed his Supplemental Report, Thompson again objected, but raised no specific objections to the Supplemental Report. Instead, he accuses the Magistrate Judge of abdicating his office (ECF No. 26, PageID 997). The Court disagrees and finds the Magistrate Judge has performed his duties in this case as specified by the Magistrate's Act.

## **CONCLUSION**

Accordingly, Petitioner's Objections are overruled and the Magistrate Judge's Report and Supplemental Report are adopted. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED**.

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT JUDGE**

**DATED: November 21, 2025**